*Brown v. Building Engines, Inc.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of July two thousand twenty-three.

Present:
>       JON O. NEWMAN,
>       EUNICE C. LEE,
>       SARAH A. L. MERRIAM,
>
>               *Circuit Judges.*

---

MICHAEL BROWN, as agent on behalf of former equityholders of Emergent Properties Inc.,

>               *Plaintiff-Appellant,*

>       v.                                                          22-2053

BUILDING ENGINES, INC.,

>               *Defendant-Appellee.*

---

| | |
|---|---|
| For Plaintiff-Appellant: | BONNIE SHIRA LEVINE, Verse Legal LLC, Atlanta, GA. |
| For Defendant-Appellee: | EMILY KIMMELMAN WHEELING (Laura Hughes McNally & Michael E. Kenneally, *on the brief*), Morgan, Lewis & Bockius LLP, |

Philadelphia, PA
Washington, D.C.

Appeal from an order of the United States District Court for the Southern District of New York (Castel, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED**.

Plaintiff-Appellant Michael Brown appeals from the August 11, 2022, order of the district court adopting the United States Magistrate Judge's report and recommendation to dismiss Brown's Complaint for Declaratory Relief regarding Brown's contract with Defendant-Appellee Building Engines, Inc. for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) and granting leave to amend. *See Brown ex rel. Emergent Props. Inc. v. Bldg. Engines Inc.*, 21-cv-10893 (PKC) (SDA), 2022 WL 3274124 (S.D.N.Y. Aug. 11, 2022). For the reasons explained below, we AFFIRM the district court's decision.

Brown sought declaratory judgment regarding the proper construction of a contract that provided the terms by which a company he started, Emergent Properties, Inc. d/b/a LogCheck, was sold to Building Engines (the "Merger Agreement"). Under the Merger Agreement, Building Engines acquired LogCheck for an up-front payment of $10 million cash in May of 2021, with an additional earnout payment to be made in the future. Brown alleged that the sale of Building Engines in November of 2021 triggered an acceleration provision in the Merger Agreement that made the earnout payment due immediately.

The Merger Agreement lists several conditions that, if they occur, would cause the due date for earnout payments to accelerate. Section 2.3(e) of the Merger Agreement lists these conditions and then says that, if they are met, "███████████████████████████████████ ████████████████████████████" Sealed App'x at 74. The Merger Agreement then says

that, "███████████████████████████████████████████

██████████████████████████████████████" *Id.* The Merger Agreement

defines "██████████████" to mean "███████████████████████████"

*Id.* at 72.

After the district court granted Building Engines' motion to dismiss with leave to amend for Brown to pursue a breach of contract claim, Brown appealed. Before oral argument in this case, we ordered the parties to file supplemental briefing as to our jurisdiction given the rule that "[a] dismissal with leave to amend is a non-final order and not appealable." *Slayton v. Am. Express Co.*, 460 F.3d 215, 224 (2d Cir. 2006). The parties filed their supplemental briefs on May 9, 2023.

\* \* \*

As an initial matter, we find that we may hear this appeal under the Circuit law of hypothetical jurisdiction. Although appeals from orders dismissing pleadings while also granting leave to amend are generally not appealable under 28 U.S.C. § 1291, *Slayton*, 460 F.3d at 224, "[i]f, as here, the jurisdictional constraints are imposed by statute, not the Constitution," we may "assume hypothetical jurisdiction where the jurisdictional issues are complex and the substance of the claim is plainly without merit," *Butcher v. Wendt*, 975 F.3d 236, 242–43 (2d Cir. 2020) (internal quotation and alteration marks omitted). Brown received leave to amend approximately eleven months ago but still has not filed any amended complaint. Brown was not given a deadline by which he had to amend, but we think it is possible that the district court would see this lengthy delay as a reason to find that Brown's time "for amendment has passed," which in turn would render its order final. *Slayton*, 460 F.3d at 224 n.7. Because this issue only calls into question the finality requirement of § 1291, we find it "prudent" to exercise hypothetical jurisdiction here. *Butcher*, 975 F.3d at 242. We therefore turn to the merits.

Under Delaware law, which governs the Merger Agreement, we "determine the intent of the parties from the language of the contract…. If a contract is unambiguous, extrinsic evidence may not be used to interpret the intent of the parties, to vary the terms of the contract, or to create ambiguity." *Exelon Generation Acquisitions, LLC v. Deere & Co.*, 176 A.3d 1262, 1267 (Del. 2017) (internal quotation marks omitted). "A contract is not rendered ambiguous simply because the parties do not agree upon its proper construction. Rather, an ambiguity exists when the provisions in controversy are fairly susceptible of different interpretations or may have two or more different meanings." *GMG Cap. Invs., LLC v. Athenian Venture Partners I, L.P.*, 36 A.3d 776, 780 (Del. 2012) (internal quotation marks omitted). "[A]ny defined terms" are to be understood through "the provided for definition in the contract in question." *In re FAH Liquidation Corp.*, 581 B.R. 98, 107 (Bankr. D. Del. 2017) (collecting Delaware cases); *see, e.g.*, *Exelon Generation Acquisitions*, 176 A.3d at 1268 (rejecting proffered construction of an "earn-out payment" provision because certain "defined term[s]" cut against that reading).

We hold that Brown's argument that the sale of Building Engines triggered the acceleration of the earnout payment is foreclosed by the plain terms of the Merger Agreement. The Merger Agreement says that any "█████████████████████████████████████" is a "███████████" Sealed App'x at 72, and that a "███████████████████████████████████████████████████████████████████████████████████████████████████████" *id.* at 74. All of Brown's arguments on appeal would require us to displace this clear definition and state that the sale of Building Engines in November of 2021 triggered acceleration, despite the Merger Agreement's express language to the contrary. For this reason, Brown's complaint was properly dismissed.

\* \* \*

4

We have considered Brown's remaining arguments and find them to be without merit.

Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court